UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------------x
MARC A. TAYLOR, SR.,                              :
              Petitioner,     :   **ORDER DENYING PETITIONS**
                              :   **FOR HABEAS CORPUS**
    -against-                             :
                              :   04 Civ. 5015 (AKH)
FREDERICK MENIFEE, Warden,                        :
              Respondent.    :
-----------------------------------------------------------------x
CHARLES WILLIAMS,                                 :
              Petitioner,     :
    -against-                             :   04 Civ. 5761 (AKH)
BUREAU OF PRISONS,                                :
              Respondent.    :
-----------------------------------------------------------------x

ALVIN K. HELLERSTEIN, U.S.D.J.:

      In these two identical petitions for habeas corpus pursuant to 28 U.S.C. § 2241, petitioners, incarcerated at the Federal Correctional Institution in Otisville, New York, challenge the Bureau of Prison's (the "Bureau") regulation, 28 C.F.R. § 523.20, interpreting 18 U.S.C. § 3624(b), which provides for good-conduct reductions in the time to be served by federal prisoners sentenced to imprisonment. Essentially, the Bureau credits the prisoner on the basis of the time actually served, rather than on the length of the sentence imposed by the court. Relying on White v. Scibana, 314 F. Supp. 2d. 834 (W.D. Wisc. 2004), rev'd, 390 F.3d 997 (7th Cir. 2004), petitioners argue that the Bureau's interpretation is contrary to the statute.

      Petitioners' analysis has been presented to numerous federal courts. The circuit courts that have addressed this question have determined that although the statutory language, and in

1

particular, the phrase "term of imprisonment," is ambiguous, the Bureau's interpretation is reasonable, and must be deferred to in accordance with Chevron, U.S.A., Inc. v. Natural Res. Def. Council, 467 U.S. 837 (1984).  See James v. Outlaw, 2005 WL 677769 (8th Cir. 2005) (unpublished); O'Donald v. Johns, 402 F.3d 172 (3d Cir. 2005); Perez-Olivio v. Chavez, 394 F.3d 45 (1st Cir. 2005); White v. Scibana, 390 F.3d 997 (7th Cir. 2004); Pacheco-Camacho v. Hood, 272 F.3d 1266 (9th Cir. 2001); see also Williams v. Lamanna, 20 Fed. App. 360, 2001 WL 1136069 (6th Cir. 2001) (holding that § 3624(b) clearly compels a "time-served" interpretation.).

Although there has been no holding by the Second Circuit on this issue, the district courts within this circuit have consistently upheld the Bureau's interpretation.  See, e.g., Garcia v. Zenk, No. 04-CV-5286(FB), 2005 WL 950640 (E.D.N.Y. Apr. 26, 2005); Yeiser v. Bureau of Prisons, No. 04 Civ. 5770(LAK), 2005 WL 282865 (S.D.N.Y. Feb. 7, 2005); Hidais v. Bureau of Prisons, No. 04 Civ. 5767(DC), 2005 WL 236509 (S.D.N.Y. Feb 1, 2005); Moore v. Bureau of Prisons, No. 04 Civ. 5011(GEL), 2004 WL 2609589 (S.D.N.Y. Nov. 15, 2004); Pasciuti v. Drew, No. 04 Civ. 043(LEK), 2004 WL 1247813 (N.D.N.Y. June 2, 2004).  But see Moreland v. Federal Bureau of Prisons, No. Civ.A. H-04-3658, 2005 WL 757154 (S.D. Tex. 2005) (adopting petitioners' textual analysis); Williams v. Dewalt, 351 F. Supp. 2d 412 (D. Md. 2004) (same).

No purpose would be served by revisiting the arguments set forth in the many opinions cited above.  The overwhelming persuasive authority on point counsels that I defer to the Bureau's reasonable interpretation of the statute.  Accordingly, the petitions for habeas corpus in both cases are denied, with prejudice.

2

The Clerk of the Court shall enter judgment accordingly and close the above-captioned two cases.

SO ORDERED.

Dated: New York, New York
       May 4, 2005

                                        ALVIN K. HELLERSTEIN
                                        United States District Judge